Johnny R. WILKINS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13284.

Court of Criminal Appeals of Oklahoma.

Dec. 5, 1962.

Rehearing Denied Jan. 23, 1963.

W. L. Steger, Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Johnny R. Wilkins was charged by information in the District Court of Bryan County with the offense of Larceny of Cattle. On the 18th day of April, 1962, he entered a plea of guilty, whereupon the court set the date for judgment and sentence on the 25th day of April, 1962.

From the record, it appears that the defendant appeared in open court on April 25, 1962 and was by the court sentenced to serve a term of Three Years in the State Penitentiary at McAlester, Oklahoma. On June the 5th, the court entered an order overruling defendant's Motion for a New Trial. On August 15, 1962, the defendant filed a Petition in Error in this Court with case made attached, seeking a new trial for the reasons stated therein.

This cause was set for oral argument on the 14th day of November, 1962, and the defendant neither appearing in person or by his counsel; nor, having filed a brief in support of his petition in error, the cause was submitted on the record.

Even the most cursory examination of the record discloses that this appeal cannot be maintained, for it was not filed within the time allowed by law, and under such circumstances cannot be treated as an appeal by transcript or case made. Title 22 O.S.A. § 1054 provides:

"In misdemeanor cases the appeal must be taken within sixty (60) days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty (60) days. In felony cases the appeal must be taken within three (3) months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed. It shall be the duty of the clerk of the court from which notice of appeal has been given and in which case made or transcript has been filed and withdrawn, to notify the clerk of the Criminal Court of Appeals if a certificate from such clerk acknowledging receipt of such case made or transcript is delayed three (3) days beyond the

one hundred twenty (120) days maximum time from date of judgment provided for appeal in a misdemeanor case, and of three (3) months in case of a felony case, and on notification by the clerk of non-filing of case made or transcript in the Criminal Court of Appeals, the judgment of the trial court will be immediately carried out as provided by law."

We have repeatedly held that an appeal must be perfected from a judgment and sentence within the time allowed by law and it appearing that the petition in error and case made were not filed within the three (3) months as provided by Title 22 O.S.A. § 1054, supra, this appeal is accordingly dismissed.

Appeal dismissed.

NIX, P. J., and BRETT, J., concur.